Williams v Williams
2026 NY Slip Op 03902
June 18, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Tiffany Marva Williams, Plaintiff-Respondent,
v
Gary Williams, Defendant-Appellant.

Decided and Entered: June 18, 2026
Index No. 151860/24|Appeal No. 6933|Case No. 2025-03926|
Before: Kennedy, J.P., Friedman, Gesmer, Michael, Chan, JJ.

The Price Law Firm, Melville (Lilly D. Pollack of counsel), for appellant.

[*1]
Order and judgment (one paper), Supreme Court, New York County (Lyle E. Frank, J.), entered on or about May 16, 2025, which, to the extent appealed from as limited by the briefs, declared that plaintiff had been ousted from apartment 4A at 15 East 131 Street in Manhattan and directed that the apartment be sold as one parcel at a public auction; and bringing up for review so much of an order and judgment (one paper), same court and Justice, entered February 7, 2025, as granted plaintiff's motion for summary judgment on her complaint, found that RPAPL 993, the Uniform Partition of Heirs Property Act (the Heirs Act), did not apply to this action, found that plaintiff was a 50% shareholder of the apartment, and ordered defendant to render an equitable accounting, unanimously modified, on the law, to vacate so much of the order as found that the Heirs Act did not apply to this action and remand the matter to apply the procedures set forth in the Heirs Act, and otherwise affirmed, without costs.
Marva Williams-Reid, who is now deceased, was the parties' mother and was the sole shareholder of the subject premises, a cooperative apartment in Manhattan. According to the terms of her will, the decedent's interest in the apartment was bequeathed in equal measure to her children, plaintiff and defendant. At the time of the decedent's death, defendant had legal custody of plaintiff, who was then a minor. By order dated December 1, 2008, Surrogate's Court found that plaintiff had reached the age of majority and issued an order directing defendant to "transfer and deliver to [plaintiff] all . . . property of every character in [defendant's] possession belonging to [plaintiff], and to execute and deliver any and all . . . instruments in writing necessary or requisite to transfer . . . legal title and possession [to plaintiff]." The verified complaint in this action alleges that defendant engaged in abuse that prevented plaintiff from freely enjoying the apartment because of defendant's repeated acts of actual and threatened violence. It alleges that, despite their mother's will and the Surrogate Court's order, defendant has failed to transfer to plaintiff 50% of the shares appurtenant to the apartment. It further alleges that, as a result of defendant's misconduct on March 29, 2014, plaintiff left the apartment the next day. Plaintiff commenced this action on February 29, 2024, seeking a judgment declaring that plaintiff is a 50% shareholder in the apartment. Plaintiff also sought a partition and sale of the apartment, as well as an accounting from defendant for his alleged ouster of her in 2014. In opposition to plaintiff's motion for summary judgment on her complaint, defendant argued that the Heirs Act applied and required a settlement conference before partition.
[*2]
The Heirs Act was intended to benefit individuals who held real estate as tenants- in-common by protecting them from predatory real estate speculators (Senate mem in support, Bill Jacket, L 2019, ch 596 at 6). Specifically, the Act was designed to protect family-held lands from speculators who acquired properties by leveraging minority interests to force a partition sale under RPAPL 991 and 992 (id.). The intent was to allow relatives holding fractional interests to acquire full ownership or receive the full value of their interest (see Gelinas LLC v Hayes, 2024 NYLJ LEXIS 3462, *24 [Sup Ct, Bronx County 2024]). To effect this purpose, the Act requires the court to determine whether the property is "heirs property," and whether it should be partitioned in accordance with the Act. If so, the Act provides for certain specific procedures, including a mandatory partition settlement conference and an independent appraisal.
The Heirs Act does not apply in all cases where real property is owned by tenants-in-common. Rather, "heirs property" is defined as real property that is held in tenancy in common and satisfies all of the following requirements: there is no agreement in a record binding all of the co-tenants which governs the partition of the property (RPAPL 993[2][e][i]); any of the co-tenants acquired title from a relative (RPAPL 993[2][e][i]); the property is used for residential or agricultural purposes (RPAPL 993[2][e][iii]); and any of the following applies: (a) 20% or more of the interests are held by co-tenants who are relatives; (b) 20% or more of the interests are held by an individual who acquired title from a relative, whether living or deceased; (c) 20% or more of the co-tenants are relatives of each other; or (d) any co-tenant who acquired title from a relative resides in the property (RPAPL 993[2][e][iv][A]-[D]).
Construing unambiguous language to give effect to its plain meaning, as we must (see Nadkos, Inc. v Preferred Contrs. Ins. Co. Risk Retention Group LLC, 34 NY3d 1, 7 [2019]), we find that the Heirs Act is applicable in this action because all of the conditions noted in RPAPL 993(2)(e) were satisfied. There was no agreement in the record governing the partition of the property; both parties acquired their interest from their mother; the property was used as a residence; and all of the conditions set forth in RPAPL 9939(2)(e)(iv) were present. Thus, the statute unambiguously applies to the parties here and expressly takes precedence over the traditional partition proceedings under RPAPL 901(1) (RPAPL 993[3][c]). Accordingly, the matter should be remitted to Supreme Court to comply with the requirements of the Heirs Act.
[*3]
We reject defendant's assertion that plaintiff brought this action to impede his ability to assert a claim for adverse possession under RPAPL 541. Although plaintiff left the premises in 2014 and brought the action just shy of the 10-year anniversary of her departure, the period required to obtain sole ownership is 20 years — the 10-year period under RPAPL 541, plus 10 more years (see Golobe v Mielnicki, 44 NY3d 86, 96 [2025]). Similarly, we reject defendant's assertion that plaintiff's claim of ouster was pretextual and intended to escape liability for the property's expenses. The court's finding that defendant ousted plaintiff from the apartment and that plaintiff is entitled to damages flowing from the ouster was based on an assessment of the parties' credibility and is supported by the record (see Wong v Hsia Chao Yu, 160 AD3d 549, 550 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 18, 2026